IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States of America, | ) | Case No: 13 CR 312-1 |
|         Plaintiff, | ) | |
| v. | ) | Magistrate Judge Martin |
| | ) | |
| Edward J. Novak, | ) | |
|         Defendant, | ) | |

**AMENDED ORDER**

    MOTION by Edward J. Novak to Modify Conditions of Release [110] is denied for the reasons stated below.

**STATEMENT**

    This case comes before this Court on Defendant's Motion to Modify Conditions of Release. For the reasons stated below, that motion is denied.

    Pursuant to 18 U.S.C. § 3142(f), a detention hearing can be reopened, before or after a determination, at any time before trial if the court finds that: (1) "information exists that was not known to the movant at the time of the hearing," and (2) the information "has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Thus, in order to reopen a detention hearing, a defendant must present evidence that was not previously known to the defendant and that is relevant to the determination of his risk of flight or danger to the community.

    Notwithstanding the eloquence of Defense Counsel Sergio Acosta, Mr. Novak has failed to present evidence "relevant to the determination of his risk of flight," *i.e.*, how the instant bond poses any financial hardship upon him at the present time. Indeed, 18 U.S.C. § 3142(c)(2) states in pertinent part that "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person."

    That has certainly *not* transpired below. Mr. Novak's personal wealth has been estimated at approximately three times the amount posted in his behalf. He has set forth no argument demonstrating any type of financial difficulty suffered as a result of the cash amount posted to secure his release. Granted, the number is large. But Mr. Novak's income is vast. And his mobility is relatively unrestrained. He is not on home confinement or home detention. Neither is he subject to electronic monitoring. He is not subject to the strictures of any curfew. Moreover, he has been allowed to travel throughout the country on agreed motions for modification.

      The only manner in which Mr. Novak could lose the posted amount would occur as a penalty for the intentional violation of his bond conditions. Thus, the ability to ultimately recoup the entire amount posted as security is fully within his control.

      Defense counsel's argument focused upon proofs set forth at the proffered detention hearing, and the contention that such proofs may not resonate so strongly upon closer review. To be sure, the government disagrees. Yet such an argument remains beyond the purview of this Court's analysis. This Court is not capable of weighing trial proofs absent the benefit of a "mini-trial" with witnesses and evidence. And to what avail? While the weight of the evidence against the accused is one factor to be considered at the detention hearing, it is the least significant factor. *United States v. Townsend,* 897 F.2d 989, 994 (9th Cir. 1990). Moreover, Mr. Novak is free on a secured bond! He is not incarcerated. This is not a Motion to Reconsider a Detention Order. Therein, the consideration of such proofs might have had more relevance. This is a Motion to Modify – a request to reduce the amount of funds posted to secure release. And absent a more compelling showing of hardship or difficulty, that motion is respectfully DENIED.

.

Date: 9/13/2013           /s/ *Daniel M. Martin*

                                             United States Magistrate Judge