1      <u>**TRANSCRIBED FROM DIGITAL RECORDING**</u>

2             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
3                      EASTERN DIVISION
    UNITED STATES OF AMERICA,            )
4                                        )
                        Plaintiff,       )   Case No. 13 CR 312
5      -vs-                              )
                                         )   Chicago, Illinois
6      EDWARD J. NOVAK, et al.,          )   April 16, 2013
                                         )   3:51 p.m.
7                       Defendants.      )

8
                     TRANSCRIPT OF PROCEEDINGS
9       BEFORE THE HONORABLE DANIEL G. MARTIN, MAGISTRATE JUDGE

10     APPEARANCES:

11     For the Government:    HON. GARY S. SHAPIRO
                              UNITED STATES ATTORNEY
12                            BY:  MR. JOEL M. HAMMERMAN
                              MS. TERRA REYNOLDS
13                            219 S. Dearborn Street
                              Chicago, IL  60604
14                            (312) 353-5300
                              E-mail:  Joel.hammerman@usdoj.gov
15                                     Terra.reynolds@usdoj.gov

16     For Defendant Novak:   MR. ROBERT LEE GEVIRTZ
                              Gevirtz & Born
17                            181 Waukegan Road
                              Suite 308
18                            Northfield, IL   60093
                              (847) 501-3388
19                            E-mail: Rgevirtz@gblaw91.com

20

21     Transcriber:

22             KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                       Official Court Reporter
23                United States District Court
           219 South Dearborn Street, Suite 2524-A
24                   Chicago, Illinois  60604
                   Telephone:  (312) 435-5569
25             Kathleen_Fennell@ilnd.uscourts.gov

```
 1   APPEARANCES:   (Continued)

 2   For Defendant
     Payawal:                MR. ROBERT G. CLARKE
 3                           Attorney at Law
                             123 W. Madison Street
 4                           Chicago, IL  60603
                             (312) 332-3101
 5                           E-mail: Prestidigitate@sbcglobal.net

 6   For Defendant
     Kuchipudi:              MR. JOSEPH A. PAVONE
 7                           Attorney at Law
                             1920 S. Highland Avenue
 8                           Suite 203
                             Lombard, IL  60148
 9                           (630) 261-1177

10   For Defendant May:      MR. ROBERT A. FISHER
                             Robert A. Fisher, Ltd.
11                           20 South Clark Street
                             Suite 700
12                           Chicago, IL  60603
                             (312) 372-8888
13                           E-mail: Raf@rfisher-law.com

14   For Defendant Maitra:   MR. THOMAS ANTHONY DURKIN
                             MS. JANIS D. ROBERTS
15                           Durkin & Roberts
                             2446 North Clark Street
16                           Chicago, IL  60614
                             (312) 913-9300
17                           E-mail: Tdurkin@durkinroberts.com
                                     Jdroberts@durkinroberts.com
18
     For Defendant
19   Moshiri:                MR. CARL PETER CLAVELLI
                             Attorney at Law
20                           53 W. Jackson Boulevard
                             Suite 733
21                           Chicago, IL  60604
                             (312) 953-8165
22                           E-mail: Carlclavelli@netscape.net

23

24

25
```

1     (Proceedings heard in open court:)

2         THE CLERK:  13 CR 312, United States versus Edward

3     Novak, Payawal, Kuchipudi, Percy May, Jr., Subir Maitra and

4     Shanin Moshiri.

5         THE COURT:  Okay.  Good afternoon.

6         MR. HAMMERMAN:  Good afternoon, your Honor.  Joel

7     Hammerman, H-A-M-M-E-R-M-A-N, and Terra Reynolds,

8     R-E-Y-N-O-L-D-S, for the United States.

9         MR. CLARKE:  Robert Clarke on behalf of Roy M.

10    Payawal.  I have submitted an appearance, Judge.

11        THE COURT:  Okay.  Just let me start off because I'm

12    going to write -- I'm going to write the name of each attorney

13    next to her or his respective client and Mr. Hammerman and

14    Ms. Reynolds and Mr. Clarke, Mr. Payawal, good afternoon one

15    and all.

16        Next.

17        MR. DURKIN:  Judge, Tom Durkin and Janis Roberts on

18    behalf of Mr. Subir Maitra.

19        THE COURT:  Mr. Durkin and Ms. Roberts, good

20    afternoon to both of you.  That's on behalf of --

21        MR. DURKIN:  Subir Maitra.

22        THE COURT:  Okay.

23        MR. DURKIN:  The fifth person.

24        THE COURT:  Mr. Maitra is present?

25        MR. DURKIN:  He's here, yes.

11:28:57
11:29:22
11:29:39
11:29:55
11:30:11

|        |     |                                                                            |
|--------|-----|----------------------------------------------------------------------------|
|        | 1   | THE COURT:  Okay.  Good afternoon, sir.                                     |
|        | 2   | Okay.  Who's next?                                                          |
|        | 3   | MR. CLAVELLI:  Good afternoon, your Honor.  Carl                           |
|        | 4   | Clavelli, C-L-A-V-E-L-L-I, on behalf of --                                  |
| 11:30:45 | 5 | THE COURT:  Hold on.  We're up a little high.  Are we                      |
|        | 6   | okay?                                                                       |
|        | 7   | All right.  Mr. Clavelli, go ahead.                                         |
|        | 8   | MR. CLAVELLI:  I've been asked to represent No. 6,                          |
|        | 9   | Mr. Shanin Moshiri, M-O-S-H-I-R-I, and I'll be submitting                   |
| 11:31:04 | 10 | certain forms to the Court, but I have not prepared a                      |
|        | 11  | financial affidavit.  I believe I'll be representing him for                |
|        | 12  | today only.                                                                 |
|        | 13  | THE COURT:  Okay.  Well, then we'll ask you at the                          |
|        | 14  | close of business today or before court is recessed,                        |
| 11:31:20 | 15 | Mr. Clavelli, to simply file your appearance and an order                  |
|        | 16  | appointing counsel and if you're seeking a provisional                      |
|        | 17  | appointment or if any of the other lawyers are, we'll appoint               |
|        | 18  | you for today's purposes only.                                              |
|        | 19  | We'll get into the whole issue of counsel once we get                       |
| 11:31:38 | 20 | everyone on the record, so if we don't have financial                       |
|        | 21  | affidavits and any counsel are planning to represent or to                  |
|        | 22  | seek appointment, I'll just ask those affidavits be tendered                |
|        | 23  | to the Court as soon as feasible, and in the meantime, I'll                 |
|        | 24  | appoint all lawyers provisionally based on the representations              |
| 11:32:00 | 25 | of financial indigency.                                                     |

1    MR. CLAVELLI:  Thank you, Judge.

2    THE COURT:  Okay.  Who's next?

3    MR. GEVIRTZ:  Good afternoon, your Honor.  Robert

4 Gevirtz entering my appearance on behalf of Edward Novak who's

5 standing to my right.

6    THE COURT:  Mr. Gevirtz and Mr. Novak, good afternoon

7 to both of you gentlemen.

8    Who am I missing?

9    MR. FISHER:  Robert Fisher, your Honor, on behalf of

10 Percy Conrad May.

11    THE COURT:  Mr. Fisher on behalf of Percy Conrad May.

12 Good afternoon, Mr. May.  Good afternoon, Mr. Fisher.

13    MR. FISHER:  Good afternoon.

14    THE COURT:  Okay.  Anyone else?

15    MR. PAVONE:  One more.

16    THE COURT:  Okay.

17    MR. PAVONE:  Joseph Pavone, P-A-V-O-N-E, here on

18 behalf of Dr. Kuchipudi.  That's K-U-C-H-I-P-U-D-I.  I've

19 already tendered the original of my appearance with hopefully

20 the Court's leave to file it therein.

21    THE COURT:  Certainly you have leave of court to file

22 that.  Mr. Pavone and Mr. Kuchipudi, good afternoon to both of

23 you.

24    Okay.  I think we're all cued up and anyone in need

25 of a translator and are there translators here if anyone is?

1       MR. HAMMERMAN:  I don't believe there's need for a

2   translator for this proceeding, your Honor.

3       THE COURT:  Thanks, Mr. Hammerman.

4       Okay.   We have obtained or we will obtain the

11:33:32  5   appearance of all counsel.  I want to address everyone, and

6   I'm going to ask in the order that we go for acknowledgment of

7   the answers.  It's more expeditious than taking everyone up

8   here one at a time, but I want to hear from each individual.

9   So when I ask a question, I'll go in the order of the

11:33:52  10   complaint, which is Mr. Novak, Mr. P-A-W-A-Y-A-L, Pawayal.

11       MR. CLARKE:  Payawal, yes.

12       THE COURT:  Payawal?  Mr. Kuchipudi.  That's

13   K-U-C-H-I-P-U-D-I, Mr. May, Mr. M-A-I-T-R-A, Maitra.

14       MR. DURKIN:  Yes.

11:34:13  15       THE COURT:  And Mr. Moshiri, all right?  I'm going to

16   address all of you gentlemen at once, but, believe me, I'm

17   concerned about each and every one of you, so I want to hear

18   everyone indicate when I do ask a question that you do

19   understand and you follow what's going on, okay?

11:41:16  20       The purpose of today's hearing is to inform you of

21   the charges against you, inform all of you of certain rights

22   which are important to you, and to set and describe

23   circumstances and conditions of your release from custody

24   pending further court proceedings if that's determined

11:41:32  25   appropriate, okay?

1    None of you individuals are called upon to answer the

2    charges at this time, and I will ask -- who's going to be the

3    government's spokesperson here, or should I just say

4    government?

11:41:46    5    MR. HAMMERMAN:  I will, your Honor.

6    THE COURT:  Okay.  I was going to say step forward,

7    and then Ms. Reynolds, I saw her stepping back, so looks like

8    you're going to be it anyway.

9    MR. HAMMERMAN:  Same thing in the end.

11:41:56    10    THE COURT:  All right.  Let's put Hammerman on the

11    spot here.

12    Mr. Hammerman, when were the charged individuals, the

13    defendants, taken into custody?  Between what time and what

14    time?

11:42:08    15    MR. HAMMERMAN:  All the charged individuals taken

16    into custody between 6:00 and 7:00 a.m. this morning, your

17    Honor.

18    THE COURT:  Okay.  None of you individuals, none of

19    you men are called upon to answer any of the charges at this

11:42:19    20    time.  Do you understand?

21    I first wish to advise all of you the following:

22    You are not required to make any statements.  If you

23    have made any statement, you need not say anything further.

24    If you choose to make a statement, you may stop at

11:42:36    25    any time, and keep in mind any statement made by you can be

1    used against you.

2            Mr. Novak, do you understand what I've just said?

3            DEFENDANT NOVAK:  Yes.

4            THE COURT:  Okay.  Mr. Payawal?

11:42:50  5            DEFENDANT PAYAWAL:  I do.

6            THE COURT:  Mr. Kuchipudi?

7            DEFENDANT KUCHIPUDI:  I do.

8            THE COURT:  Mr. May?

9            DEFENDANT MAY:  I understand.

11:42:54  10            THE COURT:  Mr. Maitra.

11            DEFENDANT MAITRA:  Yes.

12            THE COURT:  And Mr. Moshiri.

13            DEFENDANT MOSHIRI:  Yes.

14            THE COURT:  Thank you.

11:43:00  15            And as in any instance, you are all represented by

16    capable, competent counsel, and I would say if there are any

17    issues, any questions that you may have, the best thing you

18    can do is to consult with your respective attorneys, which

19    leads me into you all have a right to counsel and to confer

11:43:15  20    with your attorney at every critical stage of the criminal

21    proceeding including right now today.

22            If any of you have any questions of your respective

23    lawyers at any point today, you can stop, ask for me to stop

24    these proceedings, and we will, and we'll let you discuss any

11:43:31  25    questions you might have with your lawyers.  Those of you

1  unable to afford an attorney, you already know that an

2  attorney can and in some instances already has been appointed

3  to represent you at no cost to you.

4  Certainly those of you who have retained counsel know

11:43:46  5  that you have the right to retain counsel and those of you who

6  have appointed attorneys can also retain counsel if you choose

7  to do that.  I don't advise this of anyone.

8  You also have the right to waive the assistance of

9  counsel and to represent yourself if you voluntarily and

11:44:06  10  intelligently elect to do so.  I hope no one today thinks that

11  he's intelligent enough to do that because it's not a smart

12  move.

13  You also have the right to consult with and be

14  represented by counsel, your attorney, during the questioning

11:44:27  15  by any governmental authorities or by any law enforcement

16  agency.

17  Mr. Novak, do you understand all these rights

18  regarding counsel?

19  DEFENDANT NOVAK:  Yes.

11:44:34  20  THE COURT:  Mr. Payawal?

21  DEFENDANT PAYAWAL:  Yes.

22  THE COURT:  Okay.  Mr, Kuchipudi.

23  DEFENDANT KUCHIPUDI:  Yes.

24  THE COURT:  Mr. Conrad May?

11:44:45  25  DEFENDANT MAY:  I do.

1       THE COURT:  Okay, Mr. Maitra?

2       DEFENDANT MAITRA:  Yes.

3       THE COURT:  And Mr. Moshiri?

4       DEFENDANT MOSHIRI:  Yes.

11:44:50   5       THE COURT:  Thank you, thank you.

6           Okay.  I'm going to ask Ms. Santiago, our courtroom

7   deputy, to place all of the defendants under oath.

8           Again, I'm not going to ask you any questions about

9   your case.  You're not required to answer any questions about

11:45:05   10  your case, but I am going to ask all of you to state your

11  name, your age, and your date of birth, and that will be in

12  the order of the complaint also.

13          So, Ms. Santiago, if you could administer the oath.

14          THE CLERK:  Can you all raise your right hands?

11:45:36   15      (Defendants sworn.)

16          THE COURT:  Having heard no nays and all yeas, I will

17  proceed with Mr. Novak.

18          Would you tell us your name, spell your last name,

19  your date of birth and your age.

11:45:53   20      DEFENDANT NOVAK:  Edward Novak.

21          THE COURT:  Okay.  How do you spell your last name?

22          DEFENDANT NOVAK:  N-O-V-A-K.

23          THE COURT:  N-O-V-A-K.  And how old are you,

24  Mr. Novak?

11:46:06   25      DEFENDANT NOVAK:  12-20-54.

1       THE COURT:  Okay.

2       DEFENDANT NOVAK:  58.

3       THE COURT:  You look a lot younger than that, I must

4  say.

5       DEFENDANT NOVAK:  Not today.

6       THE COURT:  No, not today.  I wish everybody good

7  patience and lack of stress today to the extent I can.

8       All right.  Mr. Payawal?

9       DEFENDANT PAYAWAL:  64 years old.

10       THE COURT:  Date of birth?

11       DEFENDANT PAYAWAL:  2-1, 1949.

12       THE COURT:  Okay.  And your last name is

13  P-A-Y-A-W-A-L.

14       Mr. Kuchipudi.

15       DEFENDANT KUCHIPUDI:  Yes.  Date of birth, 11-10,

16  1946.

17       THE COURT:  11, I'm sorry, sir?

18       DEFENDANT KUCHIPUDI:  11-10, 1946.

19       THE COURT:  November 10th of 1946.  Okay.  And how

20  old does that make you?

21       DEFENDANT KUCHIPUDI:  66.

22       THE COURT:  66, okay.  Again, K-U-C-H-I-P-U-D-I.

23       Mr. May, your date of birth and how old are you?

24       DEFENDANT MAY:  Percy Conrad May, December the 9th,

25  1937, 75 years old.

11:46:29

11:46:44

11:47:00

11:47:35

11:47:59

| | |
|---|---|
| 1 | THE COURT:  Thank you, sir. |
| 2 | Mr. M-A-I-T-R-A, Maitra? |
| 3 | DEFENDANT MAITRA:  Yeah, should be Maitra. |
| 4 | THE COURT:  Maitra, I'm sorry. |
| 5 | DEFENDANT MAITRA:  And date of birth, 2-17, 1940. |
| 6 | THE COURT:  Okay.  And how old does that make you? |
| 7 | DEFENDANT MAITRA:  73. |
| 8 | THE COURT:  Goodness.  Okay.  And Mr. Moshiri |
| 9 | finally. |
| 10 | DEFENDANT MOSHIRI:  5-7, 1955.  58 years old. |
| 11 | THE COURT:  Okay.  And your last name is spelled |
| 12 | M-O-S-H-I-R-I. |
| 13 | DEFENDANT MOSHIRI:  Yes. |
| 14 | THE COURT:  All right.  I'm going to ask the |
| 15 | government if all of the defendants have been provided a copy |
| 16 | of the complaint with the supporting affidavit to that |
| 17 | complaint in case 13 CR 312? |
| 18 | MR. HAMMERMAN:  Your Honor, they've all indicated |
| 19 | they have copies of the complaint, all their counsel. |
| 20 | THE COURT:  Very well. |
| 21 | And defense counsel, has each and every defense |
| 22 | attorney received a copy of the complaint and the supporting |
| 23 | affidavit? |
| 24 | MR. CLARKE:  Yes. |
| 25 | MR. DURKIN:  Yes. |

11:48:10
11:48:29
11:48:45
11:49:08
11:49:22

1    MR. GEVIRTZ:  Yes.

2    THE COURT:  And hearing no "no's", I will say it's

3    unanimous.

4    Okay.  Mr. Hammerman, I'm going to ask you, if you

11:49:35   5    would, to state the charge and the maximum possible penalty

6    provided by the law here.

7    And, fellows, when you hear the nature of the maximum

8    possible penalty, realize that those are the maximum penalties

9    that any individual could receive if convicted of this offense

11:49:52  10    and certainly are not the penalties that any of you would

11    receive if you pled or were convicted, okay?

12    These are maximums.  Go ahead.

13    MR. HAMMERMAN:  Yes, Your Honor.

14    The government alleges that from no later from

11:50:05  15    March 2012 to in and around March 2013, in the Northern

16    District of Illinois, Eastern Division, Edward J. Novak, Roy

17    M. Payawal, Venkateswara R. Kuchipudi -- That's

18    K-U-C-H-I-P-U-D-I, also known as V.R. Kuchipudi -- Percy

19    Conrad May, Jr., Subir Maitra, and Shanin Moshiri, also known

11:50:39  20    as Shawni Moshiri, defendants herein, conspired to knowingly

21    and willfully offer and pay, solicit and receive

22    remunerations, directly and indirectly, overtly and covertly,

23    in return for the referral of patients for the furnishing and

24    arranging the furnishing for any item and service for which

11:51:16  25    payment may be made in whole or in part under a federal health

1  care program in violation of Title 42, United States Code,

2  Section 1320a-7(b) subsection (d) all in violation of

3  Title 18, United States Code, Section 371.

4  Your Honor, that particular charge carries a maximum

11:51:40  5  penalty of five years' imprisonment, a fine of $250,000, and a

6  term of supervised release not to exceed three years.

7  THE COURT:  Okay.  I'm going to ask each defendant

8  individually two questions, and I'm going to ask you to just

9  answer yes or no.  If you want to amplify on that, you can.

11:52:03  10  I'm going to ask you each of you if you understand the charge

11  against you and you understand the maximum penalty provided.

12  Mr. Novak?  Do you understand the nature of the

13  charge, what you're being charged with?

14  DEFENDANT NOVAK:  Yes, Judge.

11:52:21  15  THE COURT:  And you understand the maximum penalty

16  you could receive?

17  DEFENDANT NOVAK:  Yes, Judge.

18  THE COURT:  Mr. Payawal?

19  DEFENDANT PAYAWAL:  Yes, I do.

11:52:31  20  THE COURT:  Okay.  Mr. Kuchipudi?

21  DEFENDANT KUCHIPUDI:  Yes, sir.

22  THE COURT:  Mr. May.

23  DEFENDANT MAY:  I do.

24  THE COURT:  All right.  Mr. Maitra?

11:52:37  25  DEFENDANT MAITRA:  Yes, sir.

1          THE COURT:  And finally Mr. Moshiri?

2          DEFENDANT MOSHIRI:  Yes.

3          THE COURT:  Okay.  I wish you to advise you of your

4      rights to a preliminary examination.

11:52:44    5          You have the right to a preliminary examination on

6      this complaint, which is an evidentiary hearing before me to

7      determine whether there's probable cause to hold you under

8      this particular charge.  It's not a trial.

9          At this hearing, the government must establish the

11:52:58   10      probability, that is, the likelihood that a crime has been

11      committed, and that each of the individuals named in this

12      complaint is the person who indeed committed it.

13          At this hearing, you would all, through your

14      attorneys, have the right to cross-examine all witnesses

11:53:13   15      presented by the government and to present witnesses on your

16      own behalf if you chose to do so.

17          Now, if an indictment is returned, that is, if

18      between the time we set this and the date for our hearing the

19      government goes to a grand jury and has an indictment returned

11:53:31   20      or if an information is filed in the district court with all

21      of your permission, then we would strike that date for

22      probable cause, that is, preliminary hearing because the

23      filing of an indictment would be considered a showing of

24      probable cause.

11:53:46   25          Before I set a date for preliminary hearing, I'm

1    going to ask the government to indicate its position on

2    custody pending these hearings because I want to inform all of

3    the defendants that you have the right to be admitted to bail

4    under the least restrictive conditions under the law, and in

5    some instances, I understand the government is going to seek

6    to have some individuals detained following a detention

7    hearing and other individuals, the government is not opposed

8    to a bond.

9         So, Mr. Hammerman, can you indicate, if you know at

10   this point, what the government's position is with respect to

11   each and every defendant during the continuance of this period

12   between now and whenever we set for a preliminary?

13        MR. HAMMERMAN:  Yes, your Honor.  The government

14   would seek detention of Mr. Novak, Mr. Payawal and

15   Dr. Kuchipudi.  We have reached terms of release, bond, with

16   respect to Dr. May, Dr. Maitra and Dr. Moshiri.

17        THE COURT:  Okay.  So with respect to the -- the

18   government is formally moving for detention on Mr. Novak,

19   Mr. Payawal and Mr. Kuchipudi; is that correct?

20        MR. HAMMERMAN:  That is correct, your Honor.

21        THE COURT:  Okay.  I'm obligated to set a detention

22   hearing within a maximum of three working days on the

23   government's motion.  The government can take up to three days

24   to prepare for its -- to present its evidence at a detention

25   hearing.

11:54:06

11:54:21

11:54:42

11:55:08

11:55:28

1          The defense can certainly get additional time, five

2 working days on the defense motion, but if we have three cases

3 that are set for a detention hearing -- and I'm going to ask,

4 first of all, is it Mr. Gevirtz?

11:55:47   5          MR. GEVIRTZ: Yes, Judge.

6          THE COURT: All right. What's your position?

7          MR. GEVIRTZ: Well, Judge, first of all, we'd ask

8 this Court -- I'd object and ask this Court to allow Mr. Novak

9 to be released today. I understand the government has three

11:56:04  10 days in which to have this detention hearing heard.

11          I spoke with Mr. Hammerman. He is agreeable to a

12 Thursday time if your Honor has Thursday available.

13          THE COURT: How are we Thursday afternoon for three

14 detention hearings, Ms. Santiago?

11:56:23  15          MR. CLARKE: I'm going to ask for the afternoon as

16 well, Judge, as well.

17          THE COURT: How about Friday? We're so tight on

18 Thursday, I don't know that I can squeeze you in.

19          MR. GEVIRTZ: How's 9:00 on Thursday?

11:56:45  20          THE CLERK: 9:30 -- I mean Thursday?

21          MR. GEVIRTZ: Thursday.

22          THE CLERK: Thursday is not good. Friday morning is

23 good at 9:30.

24          MR. GEVIRTZ: If it's Friday, it would have to be the

11:57:04  25 afternoon.

1    THE CLERK:  That's fine.  What time in the afternoon

2  works for you?

3    MR. GEVIRTZ:  1:30?

4    THE CLERK:  1:30?

11:57:20    5    THE COURT:  1:30 is fine.  That's as to Mr. Novak.

6    Let me hear on Mr. Payawal.

7    MR. CLARKE:  Judge, I would like to come back

8  Thursday very much.  He's a citizen for 30 years.  He has no

9  prior arrests.

11:57:40    10    I also have an objection.  I know the statute allows

11  the government to ask for the three days.  Who am I to argue

12  with the statute, but --

13    THE COURT:  I've heard you for many years argue very

14  well with statutes, Mr. Clarke.

11:58:04    15    MR. CLARKE:  Yeah.  He's been a citizen since 1980.

16  He's lived in this country since 1974, and in any event, if

17  you want them all together, Judge, Friday afternoon the same

18  time.

19    THE COURT:  I want to get everyone as quickly as I

11:58:22    20  can.  I believe strongly that an individual should be admitted

21  to bail under the least restrictive conditions.  I must say

22  that when the government makes its request under 18 U.S.C.

23  Section 3142(f)(2)(B) for three days, I don't have much law

24  and didn't have much throughout my career to oppose it.

11:58:45    25    So I'm going to allow you that time period and set

1  you down for a hearing on Friday, and during that time period,

2  I would like to -- I'm certain that Pretrial Services will be

3  able to have Pretrial Services reports delivered to

4  defendants, defense counsel, the Court, the government by that

11:59:35   5  time?

6            PRETRIAL SERVICES OFFICER:  Yes, Your Honor.

7  [Inaudible].

8            THE COURT:  Do you want to come up and get your name

9  on the record.

11:59:41   10            PRETRIAL SERVICES OFFICER:  Sabina Hurtado on behalf

11  of Pretrial.  We can accommodate the Court's schedule, your

12  Honor.

13            THE COURT:  Thank you very much.

14            MR. CLARKE:  Judge, may I address one more thing for

11:59:55   15  Mr. Payawal?

16            THE COURT:  Absolutely, Mr. Clarke.

17            MR. CLARKE:  He is on diabetes medicine, high blood

18  pressure medicine.  He's suffering from macular degeneration,

19  he's almost blind in one eye as well, which may or may not go

12:00:13   20  to whether he's a risk of flight; but in any event, Judge, he

21  has a host of medicines that his wife has out in Burr Ridge,

22  and I'm going to try to get them to whoever I have to get them

23  to.

24            But I want to make it of record that it's very

12:00:32   25  crucial that he takes these things, he tells me, and with

1  respect especially the hypertension problem and the heart

2  condition he has.

3  THE COURT:  I'm going to -- I'm going to ask you to

4  convey to us a list of medications, and I'll make a

12:00:46  5  recommendation.

6  MR. CLARKE:  I'll have them tomorrow and give them to

7  your minute clerk, Judge.

8  THE COURT:  Right.  And I'll issue an order that

9  during the pendency of his hearing that he be administered his

12:00:57  10  essential medications and I'll list them.

11  Now, you know as well as I do if we don't get a

12  reaction that we want from the MCC, wherever he's in custody,

13  just bring it to my attention, we'll bring him back in here,

14  and maybe we can have the meds administered in the lockup

12:01:19  15  pending the hearing.  I don't want to see --

16  MR. CLARKE:  [Inaudible] I would hope, Judge.

17  THE COURT:  Right.  I don't see someone suffer or

18  fall into danger, and I know the government doesn't either.

19  MR. CLARKE:  Absolutely.

12:01:37  20  THE COURT:  I'll put whatever we need to in the

21  order.  Of course, it's going to be a recommendation, but

22  hopefully they'll take a look at it and they'll say we have a

23  court order, and here's somebody who has some very legitimate

24  medical needs.  And it's not always been my experience that

12:01:59  25  they don't pay attention to it.  Sometimes they actually do.

1         So if you can get those meds specifically to us --

2         MR. CLARKE:  I'll have them tomorrow from his wife,

3  Judge, who's not here today.

4         THE COURT:  All right, Mr. Clarke.

12:02:16  5         MR. CLARKE:  Thank you.

6         THE COURT:  Thank you.

7         Okay.  Mr. Kuchipudi now, and Mr. Pavone, you're

8  representing Mr. Kuchipudi?

9         MR. PAVONE:  That's correct, Judge.  Unfortunately,

12:02:29  10  I'm stuck with this, with the statute, too, but Dr. Kuchipudi

11  has been here since 1972.  He began and completed his

12  internship and his residency.  He's been practicing medicine

13  since then.

14         He's been a citizen since 1980.  He built a home and

12:02:47  15  has been living in Oak Brook since 1980.  He has three

16  children -- he's married.  He's got three children, two of

17  whom are doctors.  The third is an attorney.  He certainly

18  doesn't appear to be a flight risk to me.  He also suffers

19  from some physical infirmities, and if we need to go to a

12:03:09  20  different date for the detention hearing, may I impose upon

21  the Court to have one of his physician sons bring the doctor's

22  medications to your clerk tomorrow?

23         THE COURT:  You can bring his medications, but I

24  would have to probably seek leave of the person in whose

12:03:28  25  custody he is.  I don't know that -- is he going to be

1   transferred to the -- I cannot through my clerk give

2   medications to anybody.

3          MR. PAVONE:  Okay.

4          THE COURT:  You can ask me to put it in an order.

12:03:44   5          MR. PAVONE:  Okay.

6          THE COURT:  I can order that those who are

7   responsible for his custody administer those medications.  I

8   could even make a special request of whatever law enforcement

9   agency --

12:03:53   10          MR. PAVONE:  That's fine.

11          THE COURT:  -- has got them.  I cannot take

12   possession of his meds.

13          MR. PAVONE:  The Marshals Office will do that?

14          THE COURT:  I can't vouch for the Marshals Office.

12:04:44   15   If he's still in the marshal's custody, we can make that

16   request.  If he's in the custody of the Metropolitan

17   Correctional Center and thus has become a part of the

18   marshal's custody, we can make that request, but I cannot

19   speak for what the marshal's policy would be on that.

12:05:10   20          MR. PAVONE:  We'd be requesting that order.

21          MR. HAMMERMAN:  Your Honor, the government will make

22   the marshals aware that certain defendants who are going to be

23   detained for at least three days prior to this hearing, that

24   their medical needs -- the marshals are made aware of that

12:05:32   25   fact so they can reach out to counsel.

12:05:48

1    THE COURT:  Right, and I certainly will send a copy
2    of our order, which would be -- it's only a recommendation to
3    the marshals so that at least if they were going to decide to
4    resolve this however their policy saw fit that they had
5    certainly the blessing and even the encouragement of the Court
6    to do that, and sometimes the marshals will say, well, we
7    don't want to go against the Court.  The courts will say we
8    don't want to go against the marshals.  So if we both know
9    about it, hopefully we'll have at least some agreement.

12:06:09

10   MR. PAVONE:  I did speak about a possible Thursday
11   hearing in order to have it resolved before then.  May I
12   request either late day or early morning?  Because --
13   THE COURT:  We can't accommodate you on Thursday.
14   MR. PAVONE:  Nothing?

12:06:23

15   THE COURT:  No.
16   MR. PAVONE:  Tomorrow?
17   THE COURT:  We're booked solid.  I hate to do it, but
18   I want to get these things all done.  It's certainly not going
19   to go past Friday, and --

12:06:51

20   MR. PAVONE:  What time then on Friday?  I've got an
21   endocrinologist appointment in the afternoon, but he's bailed
22   on me before.  I guess I'll have to bail on him.
23   THE COURT:  Well, what time is your appointment?
24   THE CLERK:  9:30 is the earliest.

12:07:10

25   THE COURT:  9:30 Friday?  Can he see you in the

1    afternoon, Mr. Pavone?

2              MR. PAVONE:  Oh, yeah.  It's scheduled for the

3    afternoon.  How about 10:00 or 10:30?

4              THE CLERK:  9:30, 10:30.

12:07:24    5              THE COURT:  When were we set?

6              MR. CLARKE:  We were set for 1:30, I think, Friday,

7    weren't we?

8              MR. GEVIRTZ:  Yes.

9              MR. CLARKE:  Judge, may I --

12:07:42    10             MR. PAVONE:  My appointment's at 4:00, and I'm

11   hopeful that the government and I can come to an agreement

12   before then.

13             THE COURT:  You know, there's really -- I encourage

14   defense counsel and government counsel to talk to see if you

12:08:02    15   can persuade the prosecutors to modify the request.  It's not

16   carved in stone, but right now, the government's moved for

17   detention and they're entitled under the law to take those

18   three days to prepare for their hearing.  I don't know what

19   time we're at on Friday with respect to these hearings.

12:08:19    20             MR. GEVIRTZ:  1:30, your Honor.

21             MR. CLARKE:  1:30 you said, Judge.

22             THE COURT:  1:30?

23             MR. PAVONE:  1:30 it is.  My endocrinologist will

24   have to wait.

12:08:38    25             THE COURT:  Okay.  Mr. May's counsel -- I'm sorry,

1    Mr. Novak's counsel, Mr. Payawal's counsel and Mr. Kuchipudi

2    all -- fellows you're going to be held in custody pending the

3    outcome of your hearing on Friday, and I'm very sorry that I

4    have to say that.  I'm the bearer of terrible news with

12:09:01    5    respect to that.  It doesn't make me happy at all to say that,

6    and certainly I'm going to listen to any and all arguments

7    that your attorneys have in support of your release on bond.

8         I'm not predicting as to what my ruling will be, but

9    I certainly am going to be listening intently to whatever the

12:09:23    10    positions are.  And I also, of course, encourage the

11    government if it believes that it wishes to modify its

12    position to perhaps joining in an agreement for bond on

13    conditions that it does so.  But the government doesn't need

14    me to tell them that.

12:09:43    15         You know, if there are some conditions that are

16    agreeable to them, then they will -- then they will, in my

17    experience, be willing to listen to that.

18         Mr. Clarke.

19         MR. CLARKE:  Yes, Judge, we may come to some sort of

12:10:07    20    an agreement before Friday; and, of course, then we can send

21    in an agreed order to your Honor even on Thursday, I would

22    assume.

23         THE COURT:  Well, actually let us motion it up.  If

24    it's an agreed release and you can come to an agreement before

12:10:20    25    that, we'll squeeze you in somehow, and we'll have your client

1    brought over.  The sooner you let us know about that, the

2    better.

3         It's the contested hearings that we're going to have

4    on Friday.  If counsel and the government reach an agreement,

12:10:36    5    let us know as soon as you can.  We'll get you in, and we'll

6    get your clients out if we can do that.

7         You know, just let me know.  I mean, we're flexible

8    in that respect, okay?

9         Now, with respect to Mr. -- so can I set a date for a

12:11:00   10    preliminary hearing on Friday for those who are in custody,

11    Novak, Payawal and Kuchipudi?

12         MR. HAMMERMAN:  Your Honor, what the government

13    requests at this time is because if there is a request for

14    preliminary hearing by any of these six defendants, it seems

12:11:22   15    to make the most sense to have the preliminary hearing with

16    respect to all the defendants at that time.

17         THE COURT:  I agree.

18         MR. HAMMERMAN:  So what we would request is that we

19    have a status to set a date for preliminary hearing in short

12:11:38   20    order, whether it's on Friday or Monday and Tuesday of next

21    week, to determine whether or not a preliminary hearing will

22    be necessary and, if so, which defendants will be requesting.

23         THE COURT:  Okay.  How does that sound?

24         MR. CLARKE:  I think that sounds good, Judge.

12:11:49   25         THE COURT:  Let's have a status on Friday so the

1   three of the six lawyers will already be here, and I want the

2   other three to come in, maybe a little close to noon.  What do

3   you think?  So we can have a status as to when we're going to

4   set a preliminary hearing.

12:12:09    5   And, you know, if the government and the defense --

6   certainly I don't need to say this but I will anyway -- wish

7   to engage in negotiations discoverywise which might obviate

8   the need for a hearing, you know, we'll listen to that, but

9   those who insist on a hearing, certainly we'll set a date for

12:12:29    10  that.  But if we're coming in at what time on Friday?

11  THE CLERK:  1:30.

12  THE COURT:  So why don't we bring everyone in 3:00,

13  let's say 3:00?  No, wait, Pavone, I can't do that with you.

14  You're going to be cutting it too closely.  Why don't we just

12:12:45    15  bring --

16  MR. GEVIRTZ:  Your Honor, if I could suggest,

17  Judge --

18  THE COURT:  I'm sorry?

19  MR. HAMMERMAN:  Your Honor, it's just for status.

12:12:58    20  THE COURT:  1:15, is that good?  Mr. Gevirtz, is

21  that?

22  MR. GEVIRTZ:  Yeah.  I was going to suggest you could

23  do his bond hearing first and then let him go.

24  THE COURT:  Thank you.  Okay.

12:13:18    25  MR. DURKIN:  Did you say 1:15?

1      MR. CLARKE:  1:30.

2      THE COURT:  1:15 for --

3      MR. CLARKE:  Oh, I'm sorry.

4      THE COURT:  -- for status.

12:13:40      5      Wait, let me tell you guys.  I promise, I won't give

6      you a bum steer.

7      It's 1:15 for status on preliminary hearing, whether

8      you want one, whether you're going to invoke your right to it,

9      whether you've engaged in some negotiations, and at 1:30 for

12:14:00      10      the detention hearing on Mr. Novak, Mr. Payawal and

11      Mr. Kuchipudi.

12      As to Mr. May, Mr. Maitra and Mr. Moshiri, I

13      understand that there's an agreed bond, and if we have release

14      orders prepared, I'm prepared to go through those now.  Do we

12:14:17      15      have those up here?  We do.

16      MR. HAMMERMAN:  Your Honor, may I make a quick

17      request?

18      THE COURT:  Sure.

19      MR. HAMMERMAN:  Just to accommodate law enforcement,

12:14:23      20      and that is, with respect to the three defendants we've now

21      set a detention hearing for on Friday, can we ask that law

22      enforcement be able to take those defendants to the custody of

23      the marshals at this time so they don't have to wait through

24      these bond hearings?

12:14:34      25      THE COURT:  Okay.  But I'm going to ask first -- yes,

1    that request will be granted, but I am going to first, before

2    they're taken away, address Mr. Novak, Mr. Payawal and

3    Mr. Kuchipudi again.  You are unfortunately going to be held

4    in custody during the time between now and the hearing on

12:14:56   5    Friday at least.

6            Is there anything that you feel that needs to be

7    brought right now to the Court's attention that has not yet

8    been brought to the Court's attention before you -- before

9    your case is concluded for the day?

12:15:11   10           And first I ask Mr. Novak, is there anything else?

11   Through your attorney, of course.

12           MR. GEVIRTZ:  No, Judge.

13           THE COURT:  All right.  And Mr. Payawal?

14           MR. CLARKE:  No, Judge.

12:15:28   15           THE COURT:  Okay.  And Mr. Kuchipudi?

16           MR. PAVONE:  No, Judge.

17           THE COURT:  All right.  I will see you three

18   gentlemen on Friday, and we will have hopefully completed

19   Pretrial Services report with respect to everyone.  And with

12:15:40   20   that, yes -- those individuals --

21           MR. PAVONE:  Law enforcement, defendants and

22   attorneys can go?

23           THE COURT:  Pardon me?

24           MR. PAVONE:  Law enforcement, those defendants and

12:15:59   25   the attorneys can go?

1       THE COURT:  Yes, and the attorneys are excused also

2   until Friday at 1:15.

3       MR. PAVONE:  Thank you.

4       THE COURT:  Okay.  We're just going to take a pause

12:16:07    5   right now just for a moment.

6       Okay, good luck, fellows.

7   (Pause.)

8       THE COURT:  Court's back in session.

9       Are we back?

12:16:34   10   MR. HAMMERMAN:  We are, your Honor.

11      THE COURT:  Okay.  And this is now the case of Percy

12   Conrad May, Subir Maitra and Shanin Moshiri for setting

13   conditions of release.

14      And Mr. May, Mr. Maitra and Mr. Moshiri, your lawyers

12:16:55   15   and the government have agreed that you are bondable, that we

16   are able to set orders -- we are able to order conditions of

17   your release, and with the agreement of two parties, two

18   opponents in this case, I'm always inclined to go along

19   with -- almost always inclined to go along with that.

12:17:15   20      So I certainly am willing to set your release on

21   personal recognizance.

22      There's a $250,000 bond which is secured, and

23   Mr. Percy Conrad May is going to set that.  Now, have we

24   accomplished that?

12:17:50   25      MS. REYNOLDS:  Your Honor, we have not.  I handled --

1    your Honor, I handled the forms with respect to Defendants

2    May, Maitra and Moshiri, and each one of the bonds is a bond

3    for $250,000 that's partially secured by separate amounts.

4         With respect to Mr. -- excuse me -- Dr. May, Dr. May

12:18:24    5    is going to post a cashier's check of $10,000, and he has

6    agreed by what time he is going to post that amount with the

7    clerk's office, and that can be done on a date after his

8    release from custody today.

9         THE COURT:  Let me tell you Moshiri and Maitra have

12:18:45    10    not set out on Page 1, No. 6, the defendant is executing a

11    secured bond binding him to pay the United States a sum of

12    250,000.  So if counsel can step forward, it's not set out

13    there, and I --

14         MS. REYNOLDS:  I believe that's set forth on Page 2,

12:19:11    15    but we'll fill it out on Page 1 as well.

16         THE COURT:  Right.  I mean, I just noticed it because

17    it's set out at May's.

18         MS. REYNOLDS:  Right.  We had initially set out an

19    unsecured bond and then had changed it to a secured bond.

12:19:26    20         THE COURT:  Okay.

21         MS. REYNOLDS:  So we'll make that quick change to --

22         THE COURT:  It's a bond secured by $250,000 as to

23    each and every one of the three individuals before me now,

24    secured by a $10,000 cashier's check to be filed with the

12:19:41    25    Clerk of the Court by noon on April 22nd, 2013.

1    MS. REYNOLDS: And that is to Defendant May.

2    THE COURT: Okay.

3    MS. REYNOLDS: Each defendant's bond is slightly

4 different as to the amount that they are posting.

12:19:55 5    So with respect to Dr. May, he is going to be posting

6 a cashier's check in the amount of $10,000.

7    THE COURT: Dr. May; is that correct?

8    DEFENDANT MAY: That is correct.

9    THE COURT: Okay. And as to Mr. Maitra.

12:20:08 10    MS. REYNOLDS: Dr. Maitra will be posting a cashier's

11 check in the amount of $20,000 with the clerk's office, again,

12 by Monday, April 22nd, 2013.

13    THE COURT: Okay. And is it Dr. Moshiri or Mr. --

14    DEFENDANT MOSHIRI: Doctor.

12:20:27 15    MS. REYNOLDS: Doctor.

16    THE COURT: Dr. Moshiri, I'm sorry, fellows, and what

17 are the conditions of that?

18    MS. REYNOLDS: It's a $250,000 bond secured with

19 $200,000 in equity on a property at 800 North Michigan Avenue,

12:20:45 20 which will need to be posted with the Court by Friday. And,

21 your Honor, we will need a time to appear before the Court so

22 that Mr. -- excuse me -- Dr. Moshiri can post the property at

23 that time.

24    THE COURT: Are you amenable to every -- each of

12:21:00 25 these three individuals being released today, pending the

1  filing of the --

2       MS. REYNOLDS:  We absolutely are, and that's checked

3  on Page 3 of each one of the bond forms.

4       THE COURT:  Wonderful.  Okay.  I'm going to address

5  Dr. Moshiri, Dr. Maitra and Dr. May with respect to the

6  conditions of the bond, and I'm just going to run them by, and

7  then at the end of my recitation, I'm going to ask you to

8  acknowledge that your release is subject to the following

9  conditions:

10       You cannot violate any federal, state or local law

11  while you're on release.

12       You must cooperate with the collection of a DNA

13  sample if the collection is authorized by 42 U.S.C. 14135(a).

14       You must immediately advise the Court, your attorney

15  and the U.S. Attorney in writing before any change in address

16  or telephone number.

17       And you must appear in court as required for any

18  hearings that are set into the future, including this status

19  hearing that we've set for Friday unless your presence is

20  waived at the end of this hearing.

21       You've got to report to the Pretrial Services

22  Officers as directed, all three of you.

23       You have to execute a bond or agreement to forfeit

24  upon failing to appear as required whatever sum of money you

25  have promised, secured by whatever amount the cashier's check

12:21:16

12:21:33

12:21:50

12:22:07

12:22:26

1   is set out in each of your specific bonds.

2        If you have a passport, you must surrender it to

3   Pretrial Services.  You cannot obtain a new passport.

4        You must abide by a restriction in terms of travel

12:22:43   5   within the Northern District of Illinois, and we'll give you a

6   map of the Northern District of Illinois to show you what

7   those limitations are.

8        If you do need to travel outside the Northern

9   District of Illinois, you've got to come in to the Court and

12:22:59  10   seek permission to expand the conditions of your bond.

11        You must avoid all contact, directly and indirectly,

12   with persons who may become victims or witnesses in the

13   investigation, including but not limited to other defendants

14   named in 13 CR 312.

12:23:17  15        Do we have any familial connections or anything that

16   I need to know about?

17        MS. REYNOLDS:  No, your Honor.

18        THE COURT:  Okay.  Maintain residence where you have

19   promised.

12:23:31  20        Refrain from possessing any firearm, destructive

21   device or dangerous weapon.

22        Refrain from any excessive use of alcohol.

23        Refrain from the unlawful use of any narcotic drug or

24   other controlled substances unless it's prescribed by a

12:23:48  25   licensed medical practitioner other than yourself, okay?

|  |  |  |
|---|---|---|
| | 1 | And do each and every one of you understand? |
| | 2 | Mr. May, do you understand the conditions of your release? |
| | 3 | DEFENDANT MAY: I do. |
| | 4 | THE COURT: And Mr. Maitra, you understand? |
| 12:24:06 | 5 | DEFENDANT MAITRA: Yes, sir. |
| | 6 | THE COURT: Also Mr. Moshiri. |
| | 7 | DEFENDANT MOSHIRI: Yes, sir. |
| | 8 | THE COURT: Doctors, I meant to say. |
| | 9 | Okay. Your attorneys have advised you that violation |
| 12:24:14 | 10 | of any of the foregoing conditions of release could result in |
| | 11 | the immediate issuance of a warrant for your arrest, |
| | 12 | revocation of release, an order of detention, forfeiture of |
| | 13 | bond and possible prosecution, depending upon the offenses |
| | 14 | committed for bond violation, prosecution for underlying |
| 12:24:38 | 15 | offense, and, in some instances, any sentences you might |
| | 16 | receive would be consecutive to that, that is, in addition to |
| | 17 | any sentence you might receive on these underlying charges. |
| | 18 | Dr. May, do you understand that? |
| | 19 | DEFENDANT MAY: I do. |
| 12:24:57 | 20 | THE COURT: And Dr. Maitra? |
| | 21 | DEFENDANT MAITRA: Yes. |
| | 22 | THE COURT: And finally, Dr. Moshiri? |
| | 23 | DEFENDANT MOSHIRI: Yes. |
| | 24 | THE COURT: Okay. I'm going to sign, and each of you |
| 12:25:03 | 25 | are ordered released after processing, and I'm going to order, |

1    unless I hear a motion, I'm going to order those defendants

2    released to show up for the status on Friday unless there's a

3    reason that I should not do that.

4        Counsel?  I defer to --

12:25:21    5    MS. REYNOLDS:  Your Honor, before we proceed with

6    that, I just wanted to note that with respect to Dr. Moshiri,

7    there's an additional condition that he surrender his FOID

8    card to Pretrial Services, and that's something to which

9    Dr. Moshiri has agreed.  And with respect to Dr. --

12:25:47    10    THE COURT:  Wait, wait, wait.  Dr. Moshiri, do you

11    understand that?

12        DEFENDANT MOSHIRI:  Yes, sir.

13        THE COURT:  You're going to surrender that.

14        DEFENDANT MOSHIRI:  Yes.

12:25:56    15    THE COURT:  Do you have that in court with you today?

16        DEFENDANT MOSHIRI:  No.

17        THE COURT:  When are they going to receive that?

18        DEFENDANT MOSHIRI:  Tomorrow 9:00 a.m.

19        THE COURT:  Okay, tomorrow at 9:00 a.m.  That's a

12:26:08    20    fine representation.

21        I'm sorry, Ms. Reynolds, what's next?

22        MS. REYNOLDS:  With respect to Dr. Maitra, Pretrial

23    Services recommended that Dr. Maitra submit to substance abuse

24    treatment, and he has agreed to that condition.

12:26:26    25    THE COURT:  Dr. Maitra you've agreed --

1    DEFENDANT MAITRA: Yes, sir.

2    THE COURT: -- that you're going to submit to

3 substance abuse treatment?

4    DEFENDANT MAITRA: Yes.

12:26:36 5    THE COURT: And that's agreeable and amenable to you.

6    DEFENDANT MAITRA: Yes.

7    THE COURT: Agreeable with and amenable to you?

8    Okay. When does that commence, do we know?

9    MS. REYNOLDS: At the direction of Pretrial Services.

12:26:47 10    THE COURT: All right.

11    MR. DURKIN: He has a meeting at 11:30 tomorrow with

12 Pretrial Service Office.

13    THE COURT: Boy, I wish I could get that kind of

14 action when I sought to get some kind of assistance.

12:27:10 15 Tomorrow. Good. Well, I hope you avail yourself of it and it

16 does you well, sir.

17    Anything else with respect to special conditions --

18    MS. REYNOLDS: No, your Honor.

19    THE COURT: -- Ms. Reynolds?

12:27:21 20    Okay. I'm signing these three orders setting

21 conditions for release, and then Ms. Santiago, are we going to

22 have each of these gentlemen sign the actual bond?

23    THE CLERK: Yes. I'm writing them out.

24    THE COURT: Okay. What else need we do?

12:27:39 25    Processing by the U.S. Marshals. Have all these men

1    been processed?

2         MS. REYNOLDS:  They have, your Honor.

3         THE COURT:  Okay.  So everyone can be released from

4    the courtroom; is that right?

12:28:01   5         MS. REYNOLDS:  I believe they may need to be -- the

6    marshals are finished, so they can be released from the

7    courtroom.

8         THE COURT:  All right.  Well, I'll see all of you on

9    Friday just to make sure everything's in good shape.  I've

12:28:17  10    signed all three of the orders setting conditions for release,

11    and you'll receive copies of these.  I'll do it again in the

12    order of the criminal complaint just because it's a very

13    unsophisticated way to do it, Dr. May, then Dr. Maitra and

14    then Dr. Moshiri, and I'll hand these to our courtroom deputy.

12:28:43  15         Is there anything else that requires my attention?

16         MS. REYNOLDS:  Your Honor, with respect to

17    Dr. Moshiri, he needs to post certain paperwork with respect

18    to property, and I'm wondering if we could accomplish that at

19    the 1:15 status?  I believe it will be agreed, and we'll just

12:28:59  20    need your Honor to briefly --

21         THE COURT:  Okay.

22         MS. REYNOLDS:  -- warn the defendant regarding

23    posting property at that time.

24         THE COURT:  Dr. Moshiri, you understand that you're

12:29:09  25    going to be prepared to post that property and have you

 1    tendered or have you received the form that you need with
 2    respect to all the requirements?  I remember it to be rather
 3    lengthy, so take a look at that tonight, and we still have a
 4    fairly sophisticated process for setting out a clear title and
 5    all the rest.
 6          Okay.  So good luck to you, and be prepared to bring
 7    that with you on Friday, and then we'll take a look at it and
 8    make sure that it's filed in the proper place.
 9          Anything else at this time?  Mr. Durkin, Ms. Roberts?
10          MR. DURKIN:  That's it, Judge.
11          THE COURT:  Okay.
12          MR. DURKIN:  Thank you.
13          THE COURT:  And who else do I have here in the back?
14    I've got Mr. Fisher.
15          MR. FISHER:  Yes, sir.
16          THE COURT:  And Mr. Clavelli, anything else?
17          MR. CLAVELLI:  I beg your pardon, your Honor.  I was
18    getting that particular form.
19          THE COURT:  Okay.
20          MR. CLAVELLI:  I didn't hear your question.
21          THE COURT:  No, I just said is there anything else
22    right now?
23          MR. CLAVELLI:  There is nothing.
24          THE COURT:  Okay.  I remember -- no, I won't go into
25    that.

1       MR. CLAVELLI:  No stories.

2       THE COURT:  No stories.  All right.  I'll see you all

3  on Friday.  Okay.

4       MS. REYNOLDS:  Thank you, your Honor.

5       MR. HAMMERMAN:  Thank you, your Honor.

6       MR. CLAVELLI:  It was a pleasure, your Honor.

7       THE COURT:  Mine indeed also.

8     (Which were all the proceedings heard.)

9                           CERTIFICATE

10      I certify that the foregoing is a correct transcript from

11  the digital recording of proceedings in the above-entitled

12  matter to the best of my ability, given the limitations of

13  using a digital-recording system.

14

15  /s/Kathleen M. Fennell                 March 24, 2014

16  _____        _____

17  Kathleen M. Fennell                    Date
    Official Court Reporter

18

19

20

21

22

23

24

25

12:30:34