IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Case No. 13 CR 312<br>EDWARD J. NOVAK, *et al.* )<br>) Hon. Matthew F. Kennelly<br>Defendants. ) U.S. District Judge<br>) | |

# **FED. R. EVID. 502(D) PROTECTIVE ORDER**

Upon the agreed motion of the parties, pursuant to Federal Rule of Evidence 502(d), and Fed. R. Crim. P. 16(d), it is hereby ORDERED:

Defendant Novak asserts attorney-client privilege and/or work product protection as to the communications and documents listed in Exhibit A to this Order ("the Privileged Documents").

The communications and documents identified in Exhibit A, which were among the documents seized by the government pursuant to search warrant, may not be accessed, reviewed, read or used in any way by the prosecutors, investigators or agents or anyone working with or for them, who are handling the criminal prosecution in this case. Any storage of the documents in an electronic database must be accomplished in such a way that government personnel working on the prosecution of this case do not have access to the Privileged Documents. Any breach of this prohibition on access to the Privileged Documents by government personnel working on this case must be promptly reported to this Court, and opposing counsel.

The Privileged Documents, which have been copied by the government on external hard drives for production to the defendants along with other discovery materials, may be disclosed to all defendants, subject to the restrictions, set forth below, and that disclosure shall not be deemed

to be a waiver of the attorney-client privilege or the protections of the work product doctrine, consistent with the protections afforded under Fed. R. Evid. 502(d):

All counsel of record shall be provided a copy of this Order and the log attached as Exhibit A.

Except as may be otherwise provided by order of the Court or further stipulation of the parties, any document identified on the log as a Privileged Document shall not be used for any purpose, unless the holder of the privileges asserted (Edward J. Novak) expressly waives the asserted privileges. His assent to this Order shall not be deemed an express waiver of the asserted privileges.

Access to the Privileged Documents shall be limited to: (i) the Court, its employees and its agents; (ii) the attorneys for the defendants, their associates, assistants and employees; (iii) consultants and technical experts involved in the defense of this litigation; (iv) any person identified as the author or recipient of a specific document or thing constituting a Privileged Document, but only as to such specific document or thing; and (v) persons engaged by any party or attorney to copy documents for purposes of this criminal prosecution. Those authorized persons shall have access to the Privileged Documents only after being provided a copy of this Order, and only after agreeing to be bound by it by executing the form "Agreement to Comply With Protective Order Regarding Privileged Documents" (attached as Exhibit B) before accessing any of the Privileged Documents provided. Counsel for each defendant other than Mr. Novak will ensure that they provide a copy of this Order to, and obtains an executed copy of Exhibit B from, each person who is to be provided access to the Privileged Materials.

A copy of each executed form, agreeing to comply with this Order, shall be provided to Mr. Edward Novak, through his counsel, within 3 business days after its execution.

Individuals and entities permitted access to the Privileged Documents are hereby ordered not to show, convey or reproduce in any manner whatsoever any such documents or materials, or any parts thereof, or information contained therein, or any extract or summaries thereof, to any individual or entity who would not otherwise have access to the Privileged Documents under the provisions of this Order.

Absent prior permission from this Court, any Privileged Document identified on the log in Exhibit A, shall not be included in any public filing, and instead shall be filed under seal, along with any brief including or describing the contents of any such Privileged Document.

The entry of this Order shall not constitute a waiver of any party's right to seek a court order narrowing or expanding the group of individuals or entities entitled to access specific documents designated as Privileged or to contest the application of the claimed privileges.

At the conclusion of this criminal prosecution as to each of the defendants to whom disclosure of the Privileged Documents is made, 1) all Privileged Documents produced or disclosed in this action shall be destroyed in a manner that ensures that no disclosure of the Privileged Document(s) is made to any person other than as authorized in this Order, or 2) any media containing Privileged Documents shall be returned to Mr. Edward Novak or his counsel. This destruction or turnover to Mr. Novak shall occur by each defendant at the time of the conclusion of his or her individual prosecution, rather than at the conclusion of the prosecution of all defendants or any other defendant.

Nothing in this Order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery, or to seek to obtain additional or different protection from that provided in this Order, or to seek to modify or obtain relief from any aspect of this Order; (b) object to the use, relevance, or admissibility at trial of any evidence, whether or not

comprised of information within any Privileged Document governed by this Order; or (c) otherwise to require that discovery be conducted according to governing laws and rules.

The terms of this Order shall survive and remain in full force and effect after the termination of this action.

ENTERED:

_____
MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE
Date: June 4, 2014

## EXHIBIT A

PRIVILEGED LOG
U.S. v. Novak

| DOCUMENT TYPE | DATE | FROM | TO | REGARDING | PRIVILEGE |
|---|---|---|---|---|---|
| E-mail | January 30, 2013 | L. Consolo | E. Novak | Tax Bills | Attorney Client |
| E-mail | August 16, 2011 | L. Consolo | E. Novak | Partnership | Attorney Client |
| E-mail chain | July 11, 2011 | E. Novak | L. Consolo | Limited Partnership | Attorney Client Work Product |
| E-mail | July 11, 2011 | E. Novak | L. Consolo | Limited Partnership | Attorney Client Work Product |
| E-mail with attachment | January 4, 2011 | L. Consolo | E. Novak | Reaffirmations and Certificates for Fifth Third | Attorney Client |
| Attachment- E-mail with four attached proposed agreements | December 17, 2010 | S. Ritzler | E. Novak cc: S. Sumrell, L. Consolo, J. Lebow | Reaffirmations and Certificates for Fifth Third | Attorney Client Work Product |
| E-mail with attachments | January 4, 2011 | L. Consolo | E. Novak | Fifth Third Bank/West Side Community Hospital, Inc. Loan Extension | Attorney Client |
| Attachment- E-mail chain with four attached proposed agreements | December 20, 2010 | S. Ritzler | E. Novak cc: S. Sumrell L. Consolo J. Lebow | Fifth Third / West Side Community Hospital, Inc. Loan Extension | Attorney Client Work Product |
| E-mail | January 3, 2011 | L. Consolo | E. Novak | Fifth Third Loan Documents | Attorney Client |
| E-mail | October 18, 2010 | L. Consolo | R. Kolasa | Estate Planning | Attorney Client |
| E-mail with attachment (note, e-mail is privileged, attachment is | August 5, 2010 | L. Consolo | E. Novak | Summary of OIG Advisory Opinion | Attorney Client |

5

| DOCUMENT TYPE | DATE | FROM | TO | REGARDING | PRIVILEGE |
|---|---|---|---|---|---|
| non-privileged) | | | | | |
| E-mail | April 16, 2010 | L. Consolo | E. Novak | Chen Medical Center/Blue Cross | Attorney/Client Work Product |
| E-mail | April 12, 2010 | L. Consolo | E. Novak | Cigna Provider Services Agreement | Attorney Client Work Product |
| E-mail | April 8, 2010 | L. Consolo | E. Novak | Chen Medical Center | Attorney Client Work Product |
| E-mail | March 19, 2010 | L. Consolo | E. Novak | Corporations | Attorney Client |
| E-mail with attachment | March 4, 2010 | L. Consolo | E. Novak | Second Request | Attorney Client |
| Attachment- E-mail | March 1, 2010 | L. Consolo | E. Novak | Annual Report for Chen Medical Center | Attorney Client |
| E-mail with attachment | March 4, 2010 | L. Consolo | E. Novak | Second Request | Attorney Client |
| Attachment- E-mail | March 1, 2010 | L. Consolo | E. Novak | Chicagoland Rehab Corporation | Attorney Client |
| E-mail | March 1, 2010 | L. Consolo | E. Novak | Chicagoland Rehab Corporation | Attorney Client |
| E-mail | March 1, 2010 | L. Consolo | E. Novak | Annual Report for Chen Medical Center | Attorney Client |
| E-mail | February 3, 2010 | L. Consolo | E. Novak | Insurance | Attorney Client |
| E-mail | December 2, 2009 | L. Consolo | E. Novak | Harris | Attorney Client |
| E-mail with attachment | May 9, 2007 | L. Consolo | E. Novak | Sy and Casaclang | Attorney Client |
| Attachment- Articles of Incorporation/Partnership Agreement | | | | | Work Product |
| E-mail | January 18, 2007 | L. Consolo | E. Novak | Check Out Section | Attorney Client |
| E-mail | January 18, 2007 | L. Consolo | E. Novak | ICU | Attorney Client |
| E-mail | January 16, 2007 | L. Consolo | E. Novak | Outpatient Surgery Instructions Form | Attorney Client |
| E-mail | July 8, | L. Consolo | S. Sumrell | Chicagoland | Attorney Client |

6

| DOCUMENT TYPE | DATE | FROM | TO | REGARDING | PRIVILEGE |
|---|---|---|---|---|---|
| | 2010 | | | Rehab and Healthcare Providers LLC Dissolution | |
| E-mail with attachment | March 2, 2011 | L. Consolo | E. Novak | Making Physician Employment a Financial Success | Attorney Client |
| Attachment- E-mail | March 2, 2011 | HFMA's Healthcare Finance Strategies | L. Consolo | Making Physician Employment a Financial Success | |
| E-mail with attachment | August 5, 2010 | L. Consolo | E. Novak | Summary of OIG Advisory Opinion 10-11 | Attorney Client |
| Attachment- E-mail | August 3, 2010 | AHLA Member Services | L. Consolo | Summary OIG Advisory Opinion 10-11 | |
| E-mail chain (note the first e-mail is privileged; the following two e-mails are non-privileged) with three attachments | April 30, 2010 | S. Sumrell | L. Consolo | Chen Medical Center and HFN Network Agreement | Attorney Client |
| Attachments- Agreement, Checklist, Provision | | | | | Work Product |
| E-mail | April 16, 2010 | L. Consolo | E. Novak | Chen Medical Center / Blue Cross | Attorney Client Work Product |
| E-mail | April 8, 2010 | L. Consolo | E. Novak | Chen Medical Center | Attorney Client Work Product |
| E-mail with attachment (note, e-mail is privileged, attachment is non-privileged) | April 6, 2010 | S. Sumrell | L. Consolo | Chen Medical Center MCNP / Blue Care (BCBS) Contract | Attorney Client |
| E-mail with attachment | April 6, 2010 | S. Sumrell | L. Consolo | Chen Medical Agreement with Multiplan | Attorney Client |
| Attachment- Proposed Contract | | | | Chen Medical Agreement with Multiplan | Work Product |
| E-mail with two | March 30, | S. Sumrell | L. | Chen Medical | Attorney Client |

7

| DOCUMENT TYPE | DATE | FROM | TO | REGARDING | PRIVILEGE |
|---|---|---|---|---|---|
| attachments (note, e-mail is privileged, attachments are non-privileged) | 2010 | | Consolo | Center Part 2 | |
| E-mail with three attachments | March 30, 2010 | S. Sumrell | L. Consolo | Chen Medical Center | Attorney Client |
| Attachments- Three Agreements | | | | Chen Medical Center / Three Rivers / Cigna / Ingenix | Work Product |
| E-mail | November 3, 2009 | E. Novak | L. Consolo | Appellate Court Rules Against Provena on Property Tax Exemption | Attorney Client |
| E-mail | January 11, 2007 | L. Consolo | E. Novak | Check Out Investors Hub- Triangle Multi-Media Ltd, Inc. (QBID) | Attorney Client |
| E-mail with two attachments | October 12, 2012 | J. Heilingoetter | S. Sumrell | Additional Data for the Hospital Appeal | Attorney Client |
| Attachment- Letter | July 23, 2012 | J. Jacohety (Assessor's Office) | Property Owner of Sacred Heart (E. Novak) | Reassessment / Request for Information | Work Product |
| Attachment- Memo | October 15, 2012 | Sacred Heart Hospital | | Occupancy | Work Product |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>EDWARD J. NOVAK, )<br>)<br>Defendant )<br>) | Case No. 13 CR 312-1<br><br>Hon. Matthew F. Kennelly<br>U.S. District Judge |

**EXHIBIT B**

**AGREEMENT TO COMPLY WITH PROTECTIVE ORDER REGARDING
PRIVILEGED DOCUMENTS**

I, _____, have been provided a copy of the Fed. R. Evid. 502(d) Non-Waiver and Protective Order ("the Order") entered by Judge Kennelly in the federal criminal case, *United States v. Edward J. Novak, et al.,* Case No. 13 CR 312-1, including Exhibit A to the Order which is a log listing certain Privileged Documents. I agree to comply with all terms of the Order, and understand that by being given access to one or more of the Privileged Documents identified on the log in Exhibit A, I am subject to all of the provisions of the Order. I have read the Order, and will abide by its provisions. I understand that my failure to comply with any or all of its provisions may subject me to sanctions by this Court, and/or to litigation by the holder of the privileges that are to be protected by the Order.

Dated: _____  Signed:_____

Print name:_____