UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff,* | ) | No. 13 CR 312-1 |
| v. | ) | Judge Matthew F. Kennelly |
| EDWARD J. NOVAK, | ) | |
| *Defendant.* | ) | |

**AMENDMENT TO PROTECTIVE ORDER GOVERNING DISCOVERY**

On the unopposed motion of Defendant Novak, the Court hereby modifies the Protective Order Governing Discovery entered in this case on May 29, 2013 (ECF Doc. # 82, hereinafter "the Protective Order"), as follows:

1. The Court is advised that Defendant Novak, along with Sacred Heart Hospital ("SHH"), is currently litigating administrative appeals from determinations of overpayment made by the Centers for Medicare & Medicaid Services ("CMS") in connection with Medicare payments made to SHH between 2011 and 2013, and that related claims have also been filed in the SHH bankruptcy proceeding. Defendant Novak and SHH are represented in these matters by different counsel than those who represent him in this case.

2. In order to litigate those overpayment claims, counsel for Novak and SHH in the administrative and bankruptcy proceedings require access to certain materials covered by the Protective Order, specifically SHH patient records. The Court finds that Defendant Novak has demonstrated a need for such access.

3. In order to litigate those claims in the administrative appeals (and in any forum in which review of an administrative determination may be sought) and, as may become necessary, in the SHH bankruptcy proceeding, counsel for Novak and SHH in those proceedings may, under the terms of the Protective Order, be provided with access to materials covered by the Protective Order by his attorneys in this case, specifically to SHH patient records bearing the Bates stamp prefixes "SHH" or "MDREC." Counsel may use these materials only in connection with litigating those claims in the related administrative or bankruptcy proceedings, and for no other purpose. In the event counsel intends to produce or otherwise use covered materials in any other proceeding, counsel must seek an appropriate protective order in that proceeding before doing so.

4. In all other respects counsel will be subject to, and are required to comply with, the terms of the Protective Order with respect to those materials, including (but not limited to) its provisions with respect to sensitive or medical information, and shall be subject to the Court's jurisdiction with respect to any matter related to its enforcement. Novak's attorneys in this case shall provide his counsel handling the overpayment claims in the administrative and bankruptcy proceedings with copies of this order and the Protective Order before providing them with access to any documents covered by this order.

E N T E R:

_____

Date: Nov. 24, 2015         Hon. Matthew F. Kennelly
United States District Judge